UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SCOTT GRAY,

    Petitioner,               Hon. Janet T. Neff

v.                                    Case No. 1:12-CV-1236

JODI BRADLEY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Gray's Petition for Writ of Habeas Corpus. (dkt. #1). In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of petitions for writ of habeas corpus, the undersigned recommends that Gray's petition for writ of habeas corpus be **denied**.

## BACKGROUND

Petitioner was arrested on January 19, 2010. *United States v. Gray*, Case No. 1:10-CR-07, dkt. #6 (W.D. Mich.). Petitioner appeared later that same day before the Honorable Hugh W. Brenneman, Jr. and was released on bond. *United States v. Gray*, Case No. 1:10-CR-07, dkt. #7-8 (W.D. Mich.). On September 23, 2010, Petitioner was convicted, following a jury trial conducted by the Honorable Paul L. Maloney, of dealing in firearms without a license after which he was "continued on bond." *United States v. Gray*, Case No. 1:10-CR-07, dkt. #78, 80 (W.D. Mich.).

1

Petitioner was sentenced on February 28, 2011, to serve 27 months in prison followed by two years of supervised release. *United States v. Gray*, Case No. 1:10-CR-07, dkt. #99-100 (W.D. Mich.). Petitioner was given one day credit toward his prison sentence to reflect the one day he spent in custody following his January 19, 2010 arrest. (Dkt. #21, Exhibit A at 3).

Petitioner was not immediately taken into custody following the imposition of sentence, however, but was instead continued on bond and ordered to "self-surrender" on a date to be determined by the United States Marshal and Federal Bureau of Prisons. *United States v. Gray*, Case No. 1:10-CR-07, dkt. #98-100 (W.D. Mich.). The bond conditions to which Petitioner was subject during this interim period included "home curfew from 10:00 p.m. until 6:00 a.m. with electronic monitoring." *United States v. Gray*, Case No. 1:10-CR-07, dkt. #98 (W.D. Mich.). Petitioner was also "restricted to his place of residence every day unless excused by the pretrial services officer." *United States v. Gray*, Case No. 1:10-CR-07, dkt. #98 (W.D. Mich.). Petitioner reported to the Bureau of Prisons on July 6, 2011, to begin serving his prison sentence. (Dkt. #21, Exhibit A at 2-3).

On November 7, 2012, Gray initiated the present action, under 28 U.S.C. § 2241,[1] challenging the execution of his sentence. Specifically, Petitioner asserts that he is entitled to credit against his prison sentence for the 129 days he was released on bond, from February 28, 2011, through July 6, 2011, following the imposition of sentence but prior to reporting to prison. Petitioner presented this claim to the Bureau of Prisons which rejected such on the ground that Petitioner's

---

[1] Because Petitioner is challenging the execution of his sentence, as opposed to the validity of his conviction or sentence, the present action is properly asserted under 28 U.S.C. § 2241. *See, e.g., Vincent v. Western District Court of United States*, 2013 WL 153348 at *1 n.1 (W.D. Pa., Jan. 15, 2013); *Brown v. Wilson*, 2012 WL 5523043 (E.D. Va., Nov. 13, 2012).

argument was foreclosed by the United States Supreme Court decision in *Reno v. Koray*, 515 U.S. 50 (1995). (Dkt. #1, Exhibit 1 at 24).

## **ANALYSIS**

Petitioner seeks relief under 28 U.S.C. § 2241, which provides that habeas corpus relief may extend to any person "in custody in violation of the Constitution or laws or treaties of the United States." As is well known, when a prisoner in custody pursuant to a state court judgment brings a petition for habeas relief, the Court must accord substantial deference to the relevant findings and decisions by the state courts. *See* 28 U.S.C. § 2254; *Bell v. Cone*, 535 U.S. 685 (2002). Such deference does not, however, apply in the context of a petition brought pursuant to § 2241. *See, e.g., Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 (6th Cir. 2012) ("the deferential standard. . .specifically articulated in § 2254, is not included in the text of § 2241"). Thus, in evaluating Gray's petition, the Court affords no deference to the decision by the Board of Prisons denying Petitioner's request for credit for the amount of time he spent in "home detention" prior to reporting to prison.

Petitioner is seeking relief pursuant to 18 U.S.C. § 3585(b) which provides that a defendant generally "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Petitioner's request for relief is, as the Bureau of Prisons also concluded, foreclosed by the Supreme Court's *Koray* decision.

Ziya Koray pleaded guilty to money laundering, after which he was released on bond, pending sentencing, subject to the condition that he be "confined to the premises of a Volunteers of America community treatment center without authorization to leave for any reason unless

accompanied by a Government special agent." *Koray*, 515 U.S. at 52-53. Several months later, Koray was sentenced to serve 41 months in prison and, after returning to the community treatment center for another month, Koray reported to federal prison to begin serving his sentence. *Id.* at 53. Koray subsequently petitioned the Bureau of Prisons (BOP) for credit toward his sentence for the time he spent in the community treatment center. The BOP denied Koray's request on the ground that his time at the treatment center did not constitute "official detention" within the meaning of 18 U.S.C. § 3585(b). *Id.*

Koray later moved, without success, for habeas relief in the district court, but this determination was rejected by the Third Circuit which reasoned that "official detention" included "conditions of jail-type confinement." *Id.* at 53-54. The Third Circuit remanded the matter to the district court for a determination of whether Koray's stay at the community treatment center constituted "jail-type confinement," but before the district court could do so, the Supreme Court agreed to hear the matter. *Id.* at 54.

The Supreme Court rejected the Third Circuit's analysis and instead held that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility'. . .and who were subject to BOP's control." *Id.* at 55-58. The Court concluded, therefore, that "the time [Koray] spent at the Volunteers of America community treatment center while 'released' on bail. . .was not 'official detention' within the meaning of 18 U.S.C. § 3585(b)." *Id.* at 65. The Sixth Circuit has relied on *Koray* to deny claims, like the claim asserted herein, that a prisoner is entitled to credit for time spent on bail or bond, prior to the commencement of sentence, even if such is accompanied by restrictive conditions. *See*, *e.g.*, *United States v. Franklin*, 64 Fed. Appx. 965, 968 (6th Cir., May 22, 2003).

4

The circumstances in the present case mirror those in *Koray*. With respect to the time between the date Petitioner was sentenced and the date he reported to the Bureau of Prisons, Petitioner may have been subject to certain restrictions, but he was neither confined to a penal or correctional facility nor was he subject to the control of the Bureau of Prisons. Thus, because Petitioner was not officially detained for purposes of § 3585(b), he is not entitled to credit for the amount of time he spent in "home detention" prior to reporting to prison.

Petitioner attempts to evade this result by arguing that the Court's ruling in *Koray* applies only to "pre-sentence" circumstances and that because he is seeking credit for time spent in home confinement following the imposition of sentence, *Koray* has no application in this matter. While Petitioner is correct that much of the time that Koray spent in the community treatment center was subsequent to his conviction, but prior to the imposition of sentence, Petitioner's argument is nevertheless unpersuasive.

Petitioner's argument confuses the concept of *imposition* of sentence with that of the *commencement* of sentence. Courts recognize the distinction between these two concepts. *See, e.g., Vasquez-Alcazar v. Ebbert*, 373 Fed. Appx. 146, 147-48 (3rd Cir., Apr. 8, 2010). The statute presently at issue likewise recognizes the distinction between these concepts. *See* 18 U.S.C. § 3585(a) (recognizing that a sentence does not commence until "the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served"); *see also*, 18 U.S.C. § 3585(b) (providing that a defendant obtains credit toward a term of imprisonment for time spent in "official detention prior to the date the sentence *commences*").

In determining the proper definition of "official detention" as used in § 3585(b), the

5

*Koray* Court expressly recognized the distinction between: (1) defendants who have been charged with an offense and are awaiting trial; (2) defendants who have been convicted and are awaiting the imposition of sentence; and (3) defendants who have had sentence imposed but are awaiting execution of sentence. *Koray*, 515 U.S. at 57. The Court's decision interpreting § 3585(b) applies to all three circumstances. *Id.* at 57-65. As the Court made clear, the relevant distinction is not the point in the criminal process at which the challenged "detention" occurred, but whether the individual was, at the time, subject to conditions of bail/bond or was instead incarcerated in a correctional facility and subject to the control of the BOP. *Id.* at 56-65. Following the imposition of sentence in this matter, Petitioner was released *on bond* subject to the aforementioned conditions. As the *Koray* Court concluded, an individual who is released on bail/bond, even if such is accompanied by restrictive conditions, is simply not subject to "official detention" for purposes of § 3585(b). Accordingly, Gray's petition is without merit.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Gray's Petition for Writ of Habeas Corpus, (dkt. #1), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date: June 20, 2013

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge