UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SCOTT GRAY,

        Petitioner,                                      Case No. 1:12-cv-1236

v.                                                        HON. JANET T. NEFF

FEDERAL BUREAU OF PRISONS,

        Respondent.
_____/

**OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 pertaining to credit for time served and for good time. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R, Dkt 26) recommending that this Court deny the petition. Petitioner has filed an objection and motion for clarification. The Court having determined that the petition is rendered moot by Petitioner's release from custody, this action is properly dismissed.

**I. Factual Background**

Petitioner was initially arrested on January 19, 2010. *United States v. Gray*, Case No. 1:10-cr-07, Dkt 6 (W.D. Mich.). On September 23, 2010, Petitioner was convicted, following a jury trial, of dealing in firearms without a license. *Id.*, Dkt 78. Petitioner was sentenced on February 28, 2011, to serve 27 months in prison followed by two years of supervised release. *Id.*, Dkts 99-100. Petitioner reported to the Bureau of Prisons on July 6, 2011, to begin serving his sentence (Dkt 21, Ex. A at 2-3). On November 7, 2012, Petitioner initiated the present action, under 28 U.S.C. § 2241, challenging the execution of his sentence. Petitioner asserts he is entitled to credit for the 129 days he was released on bond, prior to the commencement of his sentence, as time served (Dkt 1 at 3).

Petitioner further asserts that he is entitled to credit of 54 days for good time (Dkt 27 at 2). Petitioner seeks these time credits for an earlier release date from prison (Dkt 1, Ex. 1 at 18). On June 20, 2013, the Magistrate Judge issued a Report and Recommendation recommending this petition be denied (Dkt 26). Petitioner filed his objection to the Magistrate Judge's Report and Recommendation on June 27, 2013 (Dkt 27). On July 3, 2013, however, before this Court could take action on the Report and Recommendation, Petitioner was released from prison (*see infra,* n. 1).

## II. Discussion

The Court finds it unnecessary to reach the merits of the Magistrate Judge's Report and Recommendation and Petitioner's objection because Petitioner's claim is moot. Judicial power under Article III of the United States Constitution extends only to cases and controversies. *See* U.S. CONST. art. III, § 2, cl. 1. Accordingly, this Court lacks jurisdiction to hear matters that have "lost [their] character as a present, live controversy," and are thereby moot. *Hall v. Beals*, 396 U.S. 45, 48 (1969). Therefore, mootness becomes a jurisdictional question if no case or controversy continues to exist. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990); *see also Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). If, during the pendency of an action, an event occurs that makes granting relief to the prevailing party impossible, the case must be dismissed. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

In *Demis*, a case with similar facts, Demis filed a petition for writ of habeas corpus under § 2241, for an alleged failure of the Bureau of Prisons to transfer him to another facility. 558 F.3d at 511. Before the district court could act on the Magistrate Judge's Report and Recommendation, however, Demis was transferred to a residential re-entry facility as sought in the petition. *Id.* The district court subsequently dismissed Demis' petition as moot. *Id.* The Sixth Circuit, in affirming

the district court, held that because Demis had been released from custody, "no actual injury remain[ed] that the Court could redress with a favorable decision . . . ." *Id.* at 513. Thus, the *Demis* panel "dismiss[ed] Demis' appeal as moot." *Id.* (citing *NCAA v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001); *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)).

Records maintained by the Bureau of Prisons indicate that Petitioner was released from custody on July 3, 2013.[1] Following the precedent of *Demis*, Petitioner's case must be dismissed as moot. *See Demis*, 558 F.3d at 513; *see also Shaw v. Terris*, No. 2:13-cv-10447, 2013 WL 3724836 (E.D. Mich., July 15, 2013) (dismissing Petitioner's § 2241 petition as moot upon Petitioner's release from custody and admission to a residential re-entry center). Further, Petitioner has presented no basis to apply an exception to mootness. *See Demis*, 558 F.3d at 513-14.

### III. Conclusion

Petitioner's release from prison renders his Petition moot. "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal.*, 506 U.S. at 12 (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Accordingly, Petitioner's case is dismissed.


Dated: September 19, 2013             /s/ Janet T. Neff
                                      JANET T. NEFF
                                      United States District Judge

---

[1] Federal Bureau of Prisons http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=14672-040&x=63&y=27 (last visited Sept. 18, 2013).

3